# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| WACO TOWN SQUARE PARTNERS, | § | Bankruptcy Case No. 11-38928 |
| LP, *et al.*, | § | Adversary No. 12-3144 |
|     Debtors. | § | |

---

| | | |
|---|---|---|
| NSJS LIMITED PARTNERSHIP, | § | |
|     Appellant, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. H-13-2374** |
| | § | |
| WACO TOWN SQUARE PARTNERS, | § | |
| LP, *et al.*, | § | |
|     Appellees. | § | |

## **MEMORANDUM AND ORDER**

Non-debtor NSJS Limited Partnership ("NSJS") filed a Notice of Appeal [Doc. # 1] from the Memorandum Opinion [Doc. # 155 in BR 11-38928] and Order [Doc. # 156 in BR 11-38928] entered July 24, 2013, requiring NSJS to dismiss a lawsuit pending in the 414th Judicial District Court of McLennan County, Texas. Debtors Waco Town Square Partners, L.P. ("WTSP") and Waco Town Square Partners II, L.P. ("WTSP II") filed a Notice of Cross Appeal [Doc. # 2] from July 24, 2013 Order denying their Motion to Hold NSJS in Contempt.

NSJS filed its Opening Brief [Doc. # 9], Appellees WTSP, WTSP II, Waco Town Square Management II, LLC ("WTSM"), David Wallace, Michael Wray, and Community Bank & Trust ("Community Bank") filed their Brief [Doc. # 13], WTSP and WTSP II filed a "Reply Brief" [Doc. # 14] in support of their Cross-Appeal, NSJS filed a Reply Brief [Doc. # 15], and Appellees filed a Reply Brief [Doc. # 16]. Having reviewed the full record and the applicable legal authorities, the Court **affirms** the Bankruptcy Court's Order denying WTSP and WTSP II's Motion to Hold NSJS in Contempt for Violation of Confirmation Order and for Sanctions, and **remands** the Bankruptcy Court's Order to the extent it requires NSJS to dismiss the state court lawsuit.

## I.   BACKGROUND

NSJS was formed in 1998 by Sherry Bryan, James Bonnett, and Susan Bonnett after their father, Norman Bonnett, suffered a debilitating stroke and was unable to manage his affairs. NSJS was formed to manage Norman Bonnett's real estate holdings and to generate income to provide for his care.

In August 2008, NSJS invested $200,000.00 in WTSP II, a company formed to conduct a second phase of a real estate development in Waco, Texas, by Wallace Bajjali Development Partners ("Wallace Bajjali"). David Wallace, a partner in Wallace Bajjali, and Michael Wray were responsible for obtaining investors in WTSP

II, including NSJS. In exchange for its investment, NSJS received 2,083.33 units in WTSP II. Section 3.08 of the Agreement of Limited Partnership ("Agreement") provided that NSJS had the right to redeem its interest and receive a full refund of its initial investment plus a Preferred Return of 10%. The Agreement provided further that cash or other proceeds from the sale of property would not be distributed by the general partner "except for distributions to NSJS in connection with the redemption of NSJS units described in Section 3.08."

In 2009, NSJS discovered that Wallace Bajjali had invested no cash in WTSP II, and that WTSP II pledged its real property as collateral for a loan to WTSP. In 2010, WTSP II's only asset was sold to Community Bank, which in turn lent the proceeds to WTSP, which in turn paid the money back to Community Bank to reduce WTSP's indebtedness of more than $7 million. The interest rate for the remaining debt to Community Bank was reduced from 6.5% to 4.5%.

On July 30, 2010, NSJS tried unsuccessfully to exercise its redemption rights under the Agreement. Because WTSP II had used its assets to reduce WTSP's indebtedness to Community Bank, there were no funds to pay NSJS the redemption value of its units.

On November 18, 2010, NSJS sued Wallace, Wray, WTSM II, WTSP II and Community Bank in state court in McLennan County, Texas ("State Court Lawsuit").

On October 12, 2011, NSJS filed a First Amended Complaint adding Wallace Bajjali as a Defendant. On October 21, 2011, WTSP and WTSP II filed for bankruptcy protection under Chapter 11.[1] On November 21, 2011, WTSP II removed the State Court Lawsuit to the Bankruptcy Court for the Western District of Texas.

On February 16, 2012, the Bankruptcy Court in the Western District remanded the State Court Lawsuit to state court. On February 23, 2012, WTSP II filed a Motion for Reconsideration, arguing that remand was improper because the State Court Lawsuit included claims that were derivative and, therefore, property of the bankruptcy estate. NSJS has maintained, and continues to maintain, that its First Amended Complaint contained no derivative claims.[2]

On April 24, 2012, NSJS filed its Objection to Confirmation of Third Amended Joint Chapter 11 Plan of Reorganization ("Objection") [Doc. # 79 in BR 11-38928]. In its Objection, NSJS expressed concern that the proposed Confirmation Order failed to protect its rights to pursue its own, non-derivative claims in the State Court

---

[1] The Chapter 11 cases of WTSP and WTSP II were jointly administered by Order [Doc. # 13 in BR 11-38928] entered October 27, 2011.

[2] NSJS has argued that it is not asserting any derivative claims, and that argument has been accepted by the Western District Bankruptcy Court in deciding to remand the case and to deny WTSP II's Motion for Reconsideration. As a result, should NSJS later attempt to amend to add derivative claims, the state court in McLennan County could find this to be a classic circumstance for the application of judicial estoppel.

Lawsuit. NSJS argued that the Plan should not in any way curtail, limit, or otherwise proscribe its claims in the State Court Lawsuit.

On May 20, 2012, the Bankruptcy Court in the Southern District entered the Confirmation Order in Case No. 11-38928. Counsel for NSJS signed as agreeing to its terms. The Confirmation Order provided that:

> To the extent that NSJS holds any claims, plead [*sic*] or unplead [*sic*], belonging to it and not to the Debtors or their respective estates, against any person or entity, other than the Debtors or their estates, NSJS may pursue such claims and nothing in this Order shall bar, enjoin, limit or impair NSJS from pursuing such claims. Further, within forty-five (45) days of the entry of this Order, NSJS shall amend its complaint in Adversary Proceeding No. 11-06025 . . . pending in the United States Bankruptcy Court for the Western District of Texas, Waco Division . . . to remove any and all [derivative claims] arising on or before the Confirmation Date . . .. If an Amended Complaint is not filed within the time period proscribed in this Order, all claims contained in the NSJS Lawsuit shall be deemed [derivative claims] and must be immediately dismissed with prejudice in accordance with Article 13.9 of the Plan.[3]

Confirmation Plan [Doc. # 89 in BR 11-38928], ¶ 22. The Confirmation Plan provided that, if NSJS filed a timely amended complaint with no derivative claims, "the parties agree to request that the NSJS Lawsuit be remanded to the state court where it was originally filed." *Id.*, ¶ 23.

---

[3] Article 13.9 of the Plan provides that all lawsuits in which claims are asserted against the Debtors shall be dismissed with prejudice "as to the Debtors." *See* Plan [Doc. # 67 in BR 11-38928], ¶ 13.9.

On June 4, 2012, fourteen days after entry of the Confirmation Plan, the Bankruptcy Court in the Western District denied WTSP II's Motion for Reconsideration challenging that court's prior order remanding the Adversary Proceeding (*i.e.*, the State Court Lawsuit). That Bankruptcy Court held that the claims in the State Court Lawsuit were non-core and that NSJS's claims related to duties owed "to NSJS individually" and did *not* "require a showing of injury to the corporation [*sic*]." *See* Western District Bankruptcy Court Order, NSJS Exh. 2 [Doc. # 126 in BR 11-38928], p. 6. Therefore, the Western District Bankruptcy Court held that the State Court Lawsuit did "not appear to meet the definition of a derivative action, either in form or in substance." *See id.* at 10. Following remand of the First Amended Complaint, the Adversary Proceeding referenced in the Confirmation Order was no longer pending in the Bankruptcy Court in the Western District of Texas.

On November 7, 2012, counsel for WTSP II advised counsel for NSJS that the State Court Lawsuit had to be dismissed in its entirety because NSJS did not file an amended complaint by the deadline set forth in the Confirmation Plan. NSJS continued to assert that the First Amended Complaint contained no derivative claims. Nonetheless, on December 14, 2012, NSJS filed a Second Amended Complaint in the State Court Lawsuit, removing WTSP II as a defendant and deleting claims that WTSP II argued were derivative. At that point, the State Court Lawsuit contained no

claims that were even arguably derivative, and that the lawsuit involved only a non-debtor suing only other non-debtors.

On January 1, 2013, Debtors WTSP and WTSP II filed their Motion to Hold NSJS in Contempt and for Sanctions. The Bankruptcy Court in the Southern District held an evidentiary hearing on May 29, 2013. Thereafter, the Southern District Bankruptcy Court issued its decision denying Debtors' Motion. Additionally, the Court ordered NSJS (a non-debtor) to dismiss with prejudice its State Court Lawsuit, which at that time was governed by the Second Amended Complaint that asserted only non-derivative claims against non-debtors.

NSJS filed a Notice of Appeal to this Court from the Order requiring it to dismiss the State Court Lawsuit. Debtors filed a Notice of Cross Appeal from the denial of its Motion to Hold NSJS in Contempt and for Sanctions. All issues have been fully briefed and the cross-appeals are now ripe for decision.

## II.  **STANDARD OF REVIEW**

The Court "reviews a bankruptcy court's findings of fact under the clearly erroneous standard and decides conclusions of law *de novo*." *In re Whitley*, 737 F.3d 980, 985 (5th Cir. 2013) (citing *Barron v. Countryman*, 432 F.3d 590, 594 (5th Cir. 2005)). Mixed questions of law and fact are reviewed *de novo*. *In re Quinlivan*, 434

F.3d. 314, 318 (5th Cir. 2006); *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 265 (5th Cir. 2005).

Matters within a bankruptcy judge's discretion are reviewed for an abuse of discretion. *See In re Gandy*, 299 F.3d 489, 494 (5th Cir. 2002). A bankruptcy court abuses its discretion when it applies an improper legal standard or bases its decision on findings of fact that are clearly erroneous. *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012); *In re Lothian Oil, Inc.*, 531 F. App'x 428, 445 (5th Cir. May 8, 2013) (citing *Conner v. Travis Cnty.*, 209 F.3d 794, 799 (5th Cir. 2000)).

## III. <u>ANALYSIS</u>

### A. <u>Bankruptcy Court's Jurisdiction</u>

It appears from the Bankruptcy Court's Memorandum Opinion that its order to dismiss the State Court Lawsuit is based on the Court's inherent authority to issue orders that are "necessary or appropriate to carry out the provisions of" Title 11 of the United States Code. *See* 11 U.S.C. § 105(a). A bankruptcy court's statutory power under § 105(a) is not unlimited. *See In re Amco Ins.*, 444 F.3d 690, 695 (5th Cir. 2006) (citing *Mirant Corp. v. Potomac Elec. Power Co.*, 378 F.3d 511, 523 (5th Cir. 2004)). Indeed, parties cannot expand the bankruptcy court's statutory power beyond its constitutional jurisdiction even by consent. *See In re BP RE, LLP*, 735 F.3d 279,

286-87 (5th Cir. 2013).[4]  In light of the United States Supreme Court's decision in *Stern v. Marshall*, ___ U.S. ___, 131 S. Ct. 2594 (2011), it is questionable whether a bankruptcy court's power under § 105(a) extends to requiring the dismissal with prejudice of "state law causes of action by non-debtors against non-debtors."  *See Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, *6 (Bankr. S.D. Tex. Nov. 10, 2011).  This circumstance appears to be present here.

Because it is unclear on what sources of authority the Bankruptcy Court may have relied in ordering NSJS to dismiss with prejudice its Second Amended Complaint in the State Court Lawsuit, the Court remands this issue to the Bankruptcy Court for clarification.

### B. Confirmation Plan Requirements

The Confirmation Order, which it appears the Bankruptcy Court seeks to enforce, provides unequivocally that NSJS may pursue its non-derivative claims and that "nothing in this Order shall bar, enjoin, limit or impair NSJS from pursuing such claims."  It appears from this provision that the Confirmation Order did not "bar, enjoin, limit or impair NSJS from pursuing" the claims in the First Amended

---

[4]The United States Supreme Court is currently considering whether parties have the ability to consent to a bankruptcy court's *constitutional*, as opposed to statutory, jurisdiction. *See Exec. Benefits Ins. Agency v. Arkison (In re Bellingham Ins. Agency)*, 702 F.3d 553 (9th Cir. 2013), *cert. granted*, 133 S. Ct. 2880 (2013).

Complaint that were remanded by the Western District Bankruptcy Court because they were direct and non-derivative.

The Confirmation Order provides also that "within forty-five (45) days of the entry of this Order, NSJS shall amend its complaint in Adversary Proceeding No. 11-06025 . . . pending in the United States Bankruptcy Court for the Western District of Texas, Waco Division . . . to remove any and all [derivative claims] arising on or before the Confirmation Date . . .." The record establishes unequivocally that there was no "Adversary Proceeding No. 11-06025 . . . pending in the United States Bankruptcy Court for the Western District of Texas, Waco Division" at the time the forty-five day period expired and at the time the Bankruptcy Court entered its Memorandum Opinion in July 2013. Before the forty-five day period expired, the Western District Bankruptcy Court determined that the remanded complaint contained no derivative claims that NSJS could delete, and NSJS was bound by that order. Consistent with that Court's ruling, NSJS has steadfastly maintained that its First Amended Complaint contained no derivative claims. Rather, as NSJS consistently has insisted it intended, the First Amended Complaint at the time of the remand was deemed to contain only NSJS's own direct claims.[5] Indeed, NSJS asserts that in

---

[5] As noted by the Fifth Circuit in the related situation of pleading only state law claims and no federal claims, a "plaintiff is the master of his complaint." *See Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 89 (5th Cir. 2013) (citing *Elam v. Kansas City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)).

December 2012 it filed a Second Amended Complaint in the State Court Lawsuit, removing WTSP II as a defendant and deleting those claims that WTSP II had argued were derivative. WTSP II does not dispute this assertion.

The Confirmation Order provides also that if "an Amended Complaint is not filed within the time period proscribed in this Order, all claims contained in the NSJS Lawsuit shall be deemed [derivative claims] and must be immediately dismissed with prejudice." This provision seems inconsistent with the earlier provision that the Confirmation Order does not "bar, enjoin, limit or impair NSJS" from pursuing its non-derivative claims.

Because the Bankruptcy Court in its Memorandum Opinion does not squarely address these issues, the Court will remand for additional consideration by the Bankruptcy Court.

C.   **Excusable Neglect**

Although the Bankruptcy Court held that NSJS's "failure to amend was not frivolous," the Bankruptcy Court found that the failure to amend was not "in good faith" or the result of "excusable neglect." It appears from the Memorandum Opinion that the Bankruptcy Court may not have considered fully NSJS's documentary evidence on this issue and, instead, relied primarily on the testimony offered by NSJS. It appears that NSJS reasonably relied on the holding by the Bankruptcy Court in the

Western District of Texas, admitted into evidence at the evidentiary hearing as NSJS's Exhibit 2, that the First Amended Complaint (as NSJS argued) contained no derivative claims that could be deleted, and relied also on the absence of a pending Adversary Proceeding in the Western District in which a further amended complaint could be filed.[6]  The Court remands this case to the Bankruptcy Court in the Southern District of Texas for further consideration of whether NSJS's failure to file a Second Amended Complaint within forty-five days under these circumstances constitutes good faith and/or excusable neglect.[7]

### D. Motion to Hold NSJS in Contempt and for Sanctions

During the May 29, 2013 hearing on Debtors' Motion to Hold NSJS in Contempt and for Sanctions, the Bankruptcy Court found that NSJS's reading of the Western District Bankruptcy Court's Order denying the Motion for Reconsideration was not frivolous.  Based on that finding, the Bankruptcy Court denied Debtors' Motion.  *See* Memorandum Opinion [Doc. # 155 in BR 11-38928], p. 6 n.4.  This Court agrees without reservation with the Bankruptcy Court's holding that NSJS's conduct was not frivolous, and holds that the Bankruptcy Court reasonably exercised

---

[6]The Confirmation Order did not address non-derivative claims in state court.

[7]This Court does not address the collateral estoppel issues on which the Southern District Bankruptcy Court ruled.  The focus here is the circumstances faced by NSJS during the forty-five day period established by the Confirmation Order (ending in mid-July 2012).  Until the Southern District Bankruptcy Court opined in July 2013, no court had adopted the Debtors' position that the First Amended Complaint contained any derivative claims.

its discretion to deny Debtors' Motion to Hold NSJS in Contempt and for Sanctions. This Court, as did the Bankruptcy Court, finds that NSJS's failure to file a Second Amended Complaint in a closed Adversary Proceeding to eliminate claims that the Western District Bankruptcy Court had ruled were not derivative was not sanctionable. That aspect of the Bankruptcy Court's Order is affirmed.

## IV.     CONCLUSION AND ORDER

The source of the Bankruptcy Court's jurisdiction to require non-debtor NSJS to dismiss a state court lawsuit against only non-debtors and asserting no derivative claims is unclear from the current record. It appears that the provisions of the Confirmation Order were either unclear or, alternatively, that the decision of the Southern District Bankruptcy Court is inconsistent with the Confirmation Order provision that NSJS may pursue its own non-derivative claims against non-debtors and the provision that nothing in the Confirmation Order "shall bar, enjoin, limit or impair NSJS from pursuing such claims." It appears further that the Bankruptcy Court may have failed to consider documentary evidence and its impact during the forty-five day period, specifically the ruling by the Bankruptcy Court in the Western District of Texas that the First Amended Complaint contained no derivative claims, when evaluating NSJS's argument that it acted in good faith or through excusable neglect by failing to file a Second Amended Complaint in the Adversary Proceeding within

forty-five days. As a result, the Court will remand this case to the Bankruptcy Court to revisit its decision.

The Bankruptcy Court properly denied WTSP and WTSP II's Motion to Hold NSJS in Contempt and for Sanctions. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's Order [Doc. # 156 in BR 11-38928] is **AFFIRMED** as to the denial of WTSP and WTSP II's Motion to Hold NSJS in Contempt for Violation of Confirmation Order and for Sanctions, and is **REMANDED** as to the requirement that NSJS dismiss the lawsuit pending in the 414th Judicial District Court of McLennan County, Texas.

SIGNED at Houston, Texas, this 13th day of **March, 2014**.

_____
Nancy F. Atlas
United States District Judge